# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D2024-1819
LT Case No. 2022-CF-000720-A

_____

FRANK MEYER,

     Appellant,

     v.

STATE OF FLORIDA,

     Appellee.

_____


On appeal from the Circuit Court for Citrus County.
Joel D. Fritton, Judge.

Matthew J. Metz, Public Defender, and Ali L. Hansen, Assistant
Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Tabitha
Mills, Assistant Attorney General, Daytona Beach, for Appellee.

September 26, 2025


HARRIS, J.

     Frank Meyer appeals his judgment and sentence after a jury
found him guilty of DUI manslaughter, DUI causing serious bodily
injury, and DUI causing property damage. Meyer argues that his
dual convictions for DUI property damage and DUI serious bodily
injury and/or manslaughter violate double jeopardy. We agree that

Meyer's convictions violate double jeopardy, and therefore reverse and remand for a de novo sentencing.

On the night of June 11, 2022, Jeremy Bossert and his wife Jennifer went for a ride on their motorcycle. Meyer, traveling north, made a left turn into a liquor store parking lot while the Bosserts' motorcycle was traveling south. Meyer's car collided with the motorcycle, injuring Jeremy and ultimately killing Jennifer. On July 5, 2022, the State charged Appellant with DUI manslaughter (count one), DUI causing serious bodily injury (count two), and DUI causing property damage (count three).

Following the jury's guilty verdict on all three counts, the court adjudicated Meyer guilty and sentenced him to fifteen years on count one with a four-year minimum mandatory, five years on count two to run consecutive to count one, and one year of probation on count three.

In this appeal, Meyer argues that the property damage to the Bosserts' motorcycle occurred in the course of the same episode as the death of Jennifer Bossert and the bodily injury of Jeremy Bossert. Relying on *Velazco v. State*, 342 So. 3d 614 (Fla. 2022), Meyer argues DUI property damage is a degree variant of DUI manslaughter and/or DUI serious bodily injury, and because the convictions are barred as degree variants of the same proscribed conduct, the conviction and sentence of the lesser degree (property damage) must be vacated. Meyer is correct.

The United States and Florida Constitutions guarantee against being placed in jeopardy twice for the same offense. *See* Amend. V, U.S. Const.; Art. I, § 9, Fla. Const. It is the Legislature's intent "to convict and sentence for each criminal offense committed in the course of one criminal episode" subject to the following exceptions: (1) offenses which require identical elements of proof; (2) offenses which are degrees of the same offense as provided by statute; and (3) offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense. *Richardson v. State*, 387 So. 3d 490, 492 (Fla. 1st DCA 2024); § 775.021(4)(b), Fla. Stat. (2024). As the Florida Supreme Court explained in *Velazco*, the sole difference between DUI causing bodily injury and/or manslaughter and DUI causing property

damage is the seriousness of the resulting harm. *See* 342 So. 3d at 619. Therefore, DUI causing property damage and DUI causing bodily injury and/or DUI manslaughter are degree variants of the same offense, and dual convictions for both offenses as to the same victim arising from a single episode violate double jeopardy. *See id*. The State properly concedes that Meyer's convictions violate double jeopardy, acknowledging that his convictions arose out of a single act of driving under the influence, crashing into a motorcycle, killing one victim, causing serious bodily injury to a second victim, and damaging the motorcycle owned by one of the victims.

Accordingly, we reverse and remand for de novo resentencing.

REVERSED and REMANDED.

JAY, C.J., and MACIVER, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

3